IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA      )
                              )
     v.                       )    CRIMINAL ACTION NO.
                              )       2:12cr221-MHT
WENDELL GASKIN                )          (WO)
```

OPINION AND ORDER

Defendant Wendell Gaskin has pleaded guilty to one count of conspiracy to distribute 500 grams or more of a substance containing methamphetamine in violation of 21 U.S.C. § 846 & 841(a)(1). On February 21, 2014, Gaskin came before the court to sentenced. He moved the court for a sentence below the applicable range of sentences recommended by the U.S. Sentencing Commission's Guidelines Manual.

"Although district courts are no longer bound to follow the Sentencing Guidelines after United States v. Booker, 543 U.S. 220 (2005), they still must consult the Guidelines and take them into account when sentencing defendants." United States v. Todd, 618 F. Supp. 2d

1349, 1352-53 (M.D. Ala. 2009) (Thompson, J.).  The court must calculate the applicable range of sentencess recommended by the Guidelines.  The court may then decide to impose a sentence outside of the Guidelines system, commonly known as a "variance."

The court is bound, however, to impose a sentence that is reasonable.  The factors set for in 18 U.S.C. § 3553(a) guide the court's determination of the reasonableness of a sentence.  Those factors are (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence imposed to punish the offender, protect the public from the defendant, rehabilitate the defendant, deter others, and provide medical care; (4) the kinds of sentences available; (5) the sentencing range established by the Sentencing Guidelines; (6) any pertinent policy statements issued by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found

guilty of similar conduct; and (8) the need for restitution.  18 U.S.C. § 3553(a).

At the February 21 sentencing hearing, several issues related to Gaskin's history and characteristics came to the court's attention.  First, Gaskin indicated that he may be suffering from cancer, but has been unable to obtain a diagnosis to date.  Second, the record indicates that Gaskin may have been diagnosed with bipolar disorder at some point, but the court did not have access to an actual diagnosis nor any explanation of the effects of that disorder.  Third, the presentence report indicated that Gaskin suffered a severe head injury in a car accident as a child and shortly thereafter began to be frequently arrested.  The court raised the possibility that a traumatic brain injury may have contributed to his past criminal conduct.  All of these issues are relevant to the determination of a reasonable sentence.  The court therefore determined that it needed more information and issued an order committing Gaskin to the custody of the

Bureau of Prisons for medical and psychological evaluation. Given the brevity of that initial order and in the interests of clarity, the court now issues a more complete explanation and order.

The U.S. Department of Probation routinely prepares presentence investigation reports to assist the court during sentencing pursuant to 18 U.S.C. § 3552(a). However, § 3552(b) also authorizes the court to order a "study of the defendant" if it "desires more information than is otherwise available to it as a basis for determining the sentence to be imposed." 18 U.S.C. § 3552(b).

While, ordinarily, such a study "shall be conducted in the local community by qualified consultants," the statute also authorizes the court to order that the study be done by the Bureau of Prisons upon the finding of "a compelling reason." 18 U.S.C. § 3552(b). In this case, Gaskin has been seeking an evaluation, and in particular a diagnosis regarding his possible lung cancer, for well

over three months.  During the February 21 sentencing hearing, the court was deeply troubled to learn that such testing had not been made available to Gaskin during his detention in the county jail, particularly because at that time the Marshal could make no assurances that any testing would be forthcoming.  The court also seriously doubts that the needed full psychological evaluation could be done with any dispatch locally.  The court therefore finds that the court's need for additional medical and psychological information, combined with this lack of availability of medical testing during Gaskin's detention in the county jail, together constitute a compelling reason to order that the § 3552(b) study be conducted by the Bureau of Prisons.

   Federal law provides for a period of study of not more than 60 days, which the court may extend for an additional period of not more than 60 days.  18 U.S.C. § 3552(b).  The law further provides that, "The study shall inquire into such matters as are specified by the court

and any other matters that the Bureau of Prisons ... believe[s] are pertinent to the factors set forth in section 3553(a)."  Id.  At the end of the study period, the Bureau shall provide the court with a written report and may make recommendations regarding the sentence.  Id.

\*\*\*

Accordingly, upon consideration of the motion for a variance (doc. no. 357) made by defendant Wendell Gaskin and pursuant to 18 U.S.C. § 3552(b), it is ORDERED as follows:

(1) The court's previous order (doc. no. 358) is vacated.

(2) Defendant Wendell Gaskin is committed for a period not to exceed 60 days to the custody of the Federal Bureau of Prisons, Federal Medical Center, Butner, North Carolina for an study prior to sentencing pursuant to 18 U.S.C. § 3552(b).

(3) If additional time is required to conduct the study, the Bureau of Prisons shall inform the court and request an additional period not to exceed 60 days.

(4) The medical personnel of the facility shall evaluate defendant Gaskin's physical and psychological condition and prepare a report or reports to be presented to this court.  In particular, the report or reports shall address:

(A) Defendant Gaskin's medical condition, and specifically whether he has lung cancer;

(B) Defendant Gaskin's psychological condition, particularly his reported diagnosis of bipolar disorder; and shall include an explanation of any diagnosis rendered;

(C) To the extent it can be determined, the possibility that defendant Gaskin suffered brain damage from a car accident when he was a child and how that may have affected his behavior; and

(D) Any other matters the Bureau believes are pertinent to the factors set forth in § 3553(a).

(5) For the duration of said custody, the Bureau of Prisons shall render to defendant Gaskin appropriate medical care.

(6) All reports on defendant Gaskin's medical or psychological condition shall be disclosed to defense counsel and the United States Attorney and filed with this court under seal.

(7) The Marshals Service shall effectuate defendant Gaskin's transfer to the custody of the Bureau of Prisons as soon as possible.

DONE, this the 6th day of March, 2014.

                                    /s/ Myron H. Thompson
                                    UNITED STATES DISTRICT JUDGE