IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:12cr221-MHT |
| | ) | (WO) |
| WENDELL GASKIN | ) | |

OPINION AND ORDER

This criminal case is now before the court on the question of whether defendant Wendell Gaskin has the mental capacity to stand trial, that is, whether he is suffering, or at any time during these criminal proceedings has suffered, from a mental disease or defect rendering him mentally incompetent to the extent that he is not able to understand the nature and consequences of the proceedings against him or to assist properly in his defense. See 18 U.S.C. § 4241(a). Based on evidence presented in open court on September 5, 2013, the court finds that there is no reasonable cause to believe that Gaskin is, or at any time during these proceedings was, not competent.  In any event, the court concludes that he has the mental capacity to stand trial.

During the first sentencing hearing, the issue arose as to whether Gaskin is suffering from a bipolar disorder and a traumatic brain injury.  In light of these potential mental disabilities, the court ordered a psychological evaluation.

Gaskin received this psychological evaluation at the Federal Medical Center in Butner, North Carolina, by Angela Weaver, Ph.D., a licensed forensic psychologist; Robert Lucking, M.D., a licensed psychiatrist; and Tracy Pennuto, Ph.D., J.D., a licensed neuropsychologist.  See 18 U.S.C. § 4241(b).  These mental-health providers concluded that Gaskin did not have bipolar disorder or traumatic brain injury.  See Psychological Evaluation submitted by Dr. Angela Weaver, Ph.D.,Robert Lucking, M.D., and Tracy Pennuto, Ph.D., J.D., dated August 5, 2014 (doc. no. 639), at 18-19, 21-22.  They found that he did have antisocial personality disorder, mild attention-deficit/hyperactivity disorder, and stimulant use disorder. Id. at 18.  None of these diagnoses creates

2

reasonable cause to believe that Gaskin may not be mentally competent. Furthermore, in open court on September 5, 2014, defense counsel agreed that Gaskin is mentally competent to stand trial.

Moreover, based upon the psychological evaluations as well as the court's own personal observations and pursuant to 18 U.S.C. § 4241(a), the court concludes that, even if there were reasonable cause earlier, the court is now convinced that Gaskin is not currently suffering, nor has he suffered during these criminal proceedings, from a mental disease or defect such that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

***

Accordingly, it is ORDERED that defendant Wendell Gaskin is declared mentally competent to stand trial in this case.

DONE, this the 8th day of September, 2014.

          <u>/s/ Myron H. Thompson</u>
**UNITED STATES DISTRICT JUDGE**